IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00103-BNB

DAVID KEY,

    Plaintiff,

v.

SCOTT MCLAUGHLIN,
JOE WILLIAMS,
PAULA J. FRANTZ,
RONDA KATZENMEYER,
CATHIE HOLST,
ANTHONY DECESARO,
SANDY VALENTINE,
GEORGE DUNBAR,
JOAN M. SHOEMAKER,
ARISTEDES W. ZAVARAS,
CAROL MCCORMACK,
MARK FLOWERS,
JOB BOARD MEMBERS,
JOHN DOE #1,
LT. KLUG,
JANE DOE #1,
NURSE STAFF,
MENTAL HEALTH STAFF,
JULIE RUSSELL,
ACA COORDINATOR,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC. DESIGNEE,
HEALTH PROFESSIONAL LIMITED DESIGNEE,
CORRECTIONAL HEALTHCARE COMPANIES DESIGNEE,
JANE DOE #2,
JANE DOE #3, and
JANE DOE #4,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 0 2010

GREGORY C. LANGHAM
              CLERK

## ORDER DENYING PRELIMINARY INJUNCTION

This matter is before the Court on the motion for preliminary injunction that

Plaintiff, David Key, filed *pro se* with the Court on March 15, 2010. Mr. Key, who is a prisoner in the custody of the Colorado Department of Corrections and currently incarcerated at the Buena Vista Correctional Facility, complains about his mattress and his medical treatment. He alleges that he suffers moderate to severe pain from back, hip, and pelvic injuries, and is unable to sleep well because of his prison mattress. As a result, he alleges he must take a psychotropic medication to induce sleep; occasionally misses work, meals, and recreation due to pain; and receives inadequate pain medication. He asks for a thicker, medical mattress or for two mattresses. He also complains about his medical treatment in the amended complaint he filed on May 3, 2010.

The Court must construe liberally the motion for a preliminary injunction because Mr. Key is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." **RoDa Drilling Co. v. Siegal**, 552

F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action--a mandatory preliminary injunction--before a trial on the merits occurs." *Id.* Because Mr. Key is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Key does not demonstrate a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury if no preliminary injunction is issued; that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party; or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for preliminary injunction that Plaintiff, David Key, filed with the Court on March 15, 2010, is denied.

DATED at Denver, Colorado, this  18th   day of   May  , 2010.

BY THE COURT:

    s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00103-BNB

David Key
Prisoner No. 137585
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/20/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk