IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00103-BNB

DAVID KEY,

    Plaintiff,

v.

SCOT McLAUGHLIN,
JOE WILLIAMS,
PAULA J. FRANTZ,
RONDA KATZENMEYER,
CATHIE HOLST,
ANTHONY DECESARO,
SANDY VALENTINE,
GEORGE DUNBAR,
JOAN M. SHOEMAKER,
ARISTEDES W. ZAVARAS,
CAROL MCCORMACK,
MARK FLOWERS,
JOB BOARD MEMBERS,
JOHN DOE #1,
LT. KLUG,
JANE DOE #1,
NURSE STAFF,
MENTAL HEALTH STAFF,
JULIE RUSSELL,
ACA COORDINATOR,
CORRECTIONAL HEALTHCARE MANAGEMENT, INC. DESIGNEE,
HEALTH PROFESSIONAL, LIMITED DESIGNEE,
CORRECTIONAL HEALTHCARE COMPANIES DESIGNEE,
JANE DOE #2,
JANE DOE #3, and
JANE DOE #4,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, David Key, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Key filed *pro se* a complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for money damages. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On March 10, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Key to file within thirty days an amended complaint that did not assert § 1988 claims because *pro se* litigants cannot recover attorney's fees, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted the personal participation of each named defendant. On May 3, 2010, Mr. Key filed an amended complaint.

The Court must construe Mr. Key's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Key will be directed to file a second and final amended complaint.

The Court has reviewed the amended complaint that Mr. Key filed on May 3, and finds that the amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. As Magistrate Judge Boland previously informed Mr. Key, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

2

to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Although the page length of the amended complaint has decreased to 30 pages from 43 pages with an additional 20 pages of attached exhibits, the list of defendants has grown longer, the jurisdictional basis for the claims has multiplied, and the unnecessary wordiness has increased. Only the number of asserted claims remains the same.

As the jurisdictional basis for his claims, Mr. Key now cites to 28 U.S.C. §§ 1983, 1985, and 1986; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12133; 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201; the Protection and Advocacy for Mentally Ill Individuals Act of 1986, 42 U.S.C. §§ 10801-10851; and 18 U.S.C. §§ 241, 242, and 3626. *See* amended complaint at 9. In the text of claim five, he also cites to the Civil Rights of Institutional Persons Act and the Rehabilitation Act. *See* amended complaint at 25.

To the extent Mr. Key is asserting claims pursuant to federal criminal statutes, he lacks standing to do so because private citizens cannot prosecute criminal actions.

*See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Mr. Key still asserts six claims now against twenty-six defendants. At least one claim appears to contain separate claims and unrelated allegations asserted pursuant to a variety of statutes. *See* amended complaint, claim five at 17-25. The remaining claims, while not as unnecessarily lengthy as claim five, nonetheless contain verbose, vague, and sometimes repetitive allegations against various defendants. Although Mr. Key asserts several claims concerning the denial of medical attention, he fails to clarify in each such claim for what condition he needs the medical attention. *See, e.g., id.*, claim four at 15-16.

Mr. Key clearly misunderstands that, to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He again sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v.*

*Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

As a result, the Court finds that the amended complaint is vague, confusing, and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Key will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8. Mr. Key is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Key's goal should not be to see how many claims pursuant to how many statutes he can assert, but rather to assert his claims in as clear and concise manner as possible.

In the second and final amended complaint he will be directed to file, Mr. Key must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Key must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC executive director, Aristedes W. Zavaras, may not be held liable on a theory of respondeat superior merely because of

his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Key may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Key uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Key, therefore, will be directed to file a second and final amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely, asserts which claim is asserted pursuant to which statute, alleges what rights were violated, and also alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, David Key, file **within thirty days from the date of this order** a second and final amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Key, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second and final amended complaint. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Key fails to file a second and final amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22nd day of June, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00103-BNB

David Key
Prisoner No. 137585
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk